# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARBARA J. BLACKMON,
                    Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
CH-0845-15-0385-I-1

DATE: September 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Barbara J. Blackmon</u>, Chicago, Illinois, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a reconsideration decision by the Office of Personnel Management (OPM) regarding an alleged overpayment of retirement benefits. Generally, we grant petitions such as this one only when:  the initial decision

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal of OPM's reconsideration decision, dated March 10, 2015, which found that she had received an overpayment of annuity benefits under the Federal Employees' Retirement System.  Initial Appeal File (IAF), Tab 1.  While the case was pending below, OPM filed a motion to dismiss the appeal, stating that it had rescinded the March 10, 2015 reconsideration decision.  IAF, Tab 5.  OPM explained that after the appeal was dismissed it would "further review the calculation of the overpayment and address other outstanding concerns of the appellant."  *Id*.  OPM further clarified that the appellant's "right to a new decision has been preserved."  *Id*.  The administrative judge granted OPM's motion and dismissed the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision.

¶3      On petition for review, the appellant contests the merits of the reconsideration decision, arguing that OPM erred in finding that she was overpaid during the period from April 1, 2013, through December 30, 2014.  Petition for Review (PFR) File, Tab 1 at 4.  She further contends that, according to the reconsideration decision, OPM should have suspended deductions from her

annuity and that her annuity should be restored to the 40 percent level. *Id*. Along with her petition, the appellant submits a January 14, 2015 letter from OPM concerning its overpayment calculation; an August 28, 2013 letter from the Office of Workers' Compensation Programs (OWCP) concerning her election to receive OPM benefits in lieu of OWCP benefits; and an undated monthly benefit statement. *Id*. The agency has filed a response, arguing that the appellant's petition does not meet the criteria for review. PFR File, Tab 4.

¶4        Where, as here, OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed. *Rorick v. Office of Personnel Management*, [109 M.S.P.R. 597](), ¶ 5 (2008). The appellant does not dispute OPM's statement that it has rescinded its March 10, 2015 reconsideration decision. Accordingly, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction. The additional evidence submitted by the appellant is not relevant to the threshold issue of jurisdiction and therefore does not warrant further review. *See Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.